CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 20, 2026
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRY K. OFORI,<br>　　Plaintiff, | )<br>)<br>) Civil Action No. 7:23-cv-00680 |
| v. | )<br>)<br>) By: Elizabeth K. Dillon |
| HAROLD CLARKE, *et al.*,<br>　　Defendants. | ) Chief United States District Judge<br>) |

**MEMORANDUM OPINION AND ORDER**

Terry K. Ofori, a Virginia inmate acting *pro se*, brought this action pursuant to 42 U.S.C. § 1983.  On April 30, 2025, the Clerk entered default against defendants H.A. Osborne and J.S. Miller.  (Dkt. No. 46.)  The court ordered plaintiff to either move for default judgment against these defendants or show cause why they should not be dismissed for want of prosecution.  Before the court are (1) plaintiff's motion for default judgment against J.S. Miller (Dkt. No. 49), and (2) H.A. Osborne's motion to set aside default and deem answer to be timely filed (Dkt. No. 51).  Plaintiff's motion for default judgment will be denied, and Osborne's motion to set aside default will be granted.

**I. Osborne's Motion to Set Aside Default**

Federal Rule of Civil Procedure 55(c) provides that the court "may set aside an entry of default for good cause, . . ."  Fed. R. Civ. P. 55(c).  A court should consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic."  *Payne ex rel. Estate of Caldaza v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).  The criteria must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments."  *Lolatchy v.*

*Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

Osborne executed a waiver of service, and her answer was due on December 9, 2024. (Dkt. No. 40.) She did not file an answer, and the clerk entered default on April 30, 2025. (Dkt. No. 46.) Counsel entered a notice of appearance for Osborne on May 8, 2025. (Dkt. No. 47.) Osborne then filed an answer and moved to set aside the default on June 9, 2025. (Dkt. Nos. 50, 51.) Osborne's motion offers no justification for the default. However, her answer reflects possible meritorious defenses. Also, Ofori does not oppose the motion and did not move for default judgment against Osborne, so the court finds that there is no prejudice to Ofori. Given the strong preference against default, the court will grant Osborne's motion.

**II. Plaintiff's Motion for Default Judgment Against J.S. Miller**

A district court has discretion whether to grant a motion for default judgment. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). When considering a motion for default judgment, the court takes as true all well-pled factual allegations in the complaint, other than those pertaining to damages. Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one related to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").

In the Fourth Circuit, district courts analyzing requests for default judgment have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662

2

(2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether the allegations in the complaint are "well-pleaded." *See, e.g.*, *Regions Bank v. Red Man Trucking, Inc.*, Civil Action No. 8:24-cv-02541-TDC, 2025 WL 3511076, at *4 (D. Md. Dec. 8, 2025). Where a complaint offers only "labels and conclusions" or "naked assertions devoid of further factual enhancement," the allegations therein are not well-plead and, consistent with the court's discretion to grant default judgment relief based on those allegations should be denied. *See id.* (citing *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544–45 (D. Md. 2011) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").)

Ofori's amended complaint brings claims against thirteen total defendants. (Am. Compl., Dkt. No. 30.) Miller is identified as a Sergeant at Wallens Ridge State Prison. Ofori's allegations are about being "denied access to legal means at some prisons" over a period of several years. (Am. Compl. ¶ 6.) The allegations that pertain to Miller are summarized as follows:

- Plaintiff attempted to file a petition for rehearing in November of 2020 in state court and to date there has been no response from the court. On information and belief, either Miller or defendant Cook failed to mail the petition. Ofori claims this was part of an ongoing retaliation to circumvent his mailings. (Am. Compl. ¶ 12.)

- On or about September 30, 2021, Ofori handed Miller some legal mail that consisted of his notice of appeal to be processed by the prison with postage withdrawal requests because Ofori did not have postage on hand at the time. On November 15, 2022, the Supreme Court of Virginia issued an order dismissing the application because "the appeal was not perfected in the manner provided by law because the appellant failed to timely file the notice of appeal." Plaintiff contends that Miller "failed to timely sign off, so the submissions couldn't be properly processed/considered, thus they breached their duty(s) and violated his right(s) to access the courts, & because of it he was precluded from challenging said issues in an appeal to the Supreme Court of Virginia." (Am. Compl. ¶¶ 13–14.)

- Miller and defendant Stacy conspired with defendant Cochrane to "disappear" amendments to pleadings in federal cases 7:18-cv-587 and 7:20-cv-343. (Am. Compl. ¶ 15.)

- In January 2021, a correctional officer took some legal materials (several amended complaints, ALRs, sections and chapters out of American Jurisprudence, and a law dictionary) because he was not allowed to have them in his pod. Ofori asked several defendants, including Miller, but the items were never returned. (Am. Compl. ¶ 17.)

- Ofori claims that if he would have been successful with any of his post-conviction applications in having any of his criminal judgments reversed or vacated, he would have sued Fairfax County for compensatory, monetary, and punitive damages. (Am. Compl. ¶ 28.)

- With respect to the cases referenced in paragraph 15, in case 7:18-cv-587, from 2016 to 2018, plaintiff's rights were violated when he was subject to inadequate recreation, diet/food service, partitions, medical care, and exposures to unsafe conditions or contaminated air and water, and no proper access to top bunk. In case 7:20-cv-343, Ofori was subject to a publication policy that deprived him of materials which are part of his subscriptions. Also, there was inadequate mailing and communication services; for example, a notice of claim application that he submitted to staff with a postage withdrawal request did not arrive at its destination in whole, so plaintiff was prevented from pursuing those issues in state court. (Am. Compl. ¶ 29.)

The court construes Ofori's amended complaint as attempting to bring a First Amendment access to courts claim against Miller. Prisoners have a constitutional right to meaningful and effective access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, there is no "abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351. Ultimately, the right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim," and it "follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* (citing *Lewis*, 518 U.S. at 353). Thus, the complaint must identify (1) the underlying nonfrivolous and arguable legal claim, (2) the remedy sought through that underlying claim, and (3) the loss of the underlying claim resulting from the defendant's alleged interference with his

4

right of access.  *Id.* at 415–16; *see also Michau v. Charleston Cty. S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (rejecting denial of access claim where complaint did "not specifically explain how [plaintiff] was injured by any limitations on his access to the law library"); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (recognizing that plaintiff bringing denial of access to courts claim must allege claim with specificity and identify an actual injury resulting from official conduct).

The allegations in the amended complaint do not present a well-pled First Amendment right of access claim against Miller.  Most of Ofori's allegations about lost pleadings or interference by Miller are disconnected from any underlying claim.  Ofori does allege that Miller "disappeared" amendments to pleadings in federal cases 7:18-cv-587 and 7:20-cv-343 (Am. Compl. 15), and later, he describes the subjects of those cases in general terms.  But he does not present enough to conclude that those cases are arguable or nonfrivolous.  Simply stating, for example, that he was given inadequate recreation time or exposed to unsafe conditions is not an arguable Eighth Amendment conditions of confinement claim without further detail about the context or duration of the alleged deprivations.  Nor does he describe the amendments that would have led to successful outcomes in those cases.

For these reasons, the court will deny Ofori's motion for default judgment against Miller.

### III. Conclusion and Order

For these reasons, it is HEREBY ORDERED that Osborne's motion to set aside default (Dkt. No. 51) is GRANTED.  The entry of default against Osborne (Dkt. No. 46) is VACATED, and Osborne's answer (Dkt. No. 50) is deemed to be timely filed.

It is FURTHER ORDERED that Ofori's motion for default judgment against defendant J.S. Miller (Dkt. No. 49) is DENIED.  Plaintiff's claims against Miller are DISMISSED without

5

prejudice.

Finally, it is HEREBY ORDERED that pursuant to Standing Order 2024-16, the defendants are hereby DIRECTED to file, not later than forty-five (45) days after entry of this order, either: (1) a motion for summary judgment supported by affidavits; or (2) a notice stating that defendants do not intend to file a summary judgment at this time.[1]

The Clerk shall transmit a copy of this order to plaintiff and to all counsel of record.

Entered: January 20, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

---

[1] There was a prior notice indicating that defendants did not intend to file a motion for summary judgment (Dkt. No. 52), but the court requests another notice or motion in light of the change of counsel (Dkt. No. 54).